UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL RIVERA,<br><br>          Plaintiff,<br><br>     v.<br><br>OSMOSE UTILITIES SERVICES, INC., *et al.*,<br><br>          Defendants. | Case No. 1:25-cv-01023-JLT-CDB<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FED. R. CIV. P. 4(m)<br><br>**November 14, 2025, Deadline** |

Plaintiff Angel Rivera ("Plaintiff") initiated this action, on behalf of himself and a putative class, with the filing of a complaint in state court on July 8, 2025, against Defendants Osmose Utilities Services, Inc., and Adan Duran. (Doc. 1-1). Defendant Osmose Utilities Service, Inc., removed the action on August 14, 2025. (Doc. 1). The next day, the Court entered an order setting a mandatory scheduling conference for November 13, 2025. (Doc. 3). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 3 at 1). The order further advised Plaintiff that failure to timely complete service "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id.*

To date, it has been more than 120 days since the action commenced in state court and more than 90 days since removal to this Court, and Plaintiff has not filed proof of service nor any

1

report setting forth an explanation for the failure to serve Defendant Adan Duran. Defendant Duran did not make an appearance at the scheduling conference on November 13, 2025. (Doc. 9). Counsel for Plaintiff confirmed at the scheduling conference that Defendant Duran had not been served.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that no later than November 14, 2025, Plaintiff SHALL show cause in writing why sanctions should not be imposed – including dismissal of Defendant Duran – for Plaintiff's failure to serve the summons and complaint in a timely manner under the Court's orders and Rule 4(m).

Any failure by Plaintiff to timely comply with this order will result in a recommendation that Defendant Duran be dismissed.

IT IS SO ORDERED.

Dated: **November 13, 2025**

UNITED STATES MAGISTRATE JUDGE