UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL RIVERA,<br><br>      Plaintiff,<br><br>    v.<br><br>OSMOSE UTILITIES SERVICES, INC.,<br><br>      Defendant. | Case No. 1:25-cv-01023-JLT-CDB<br><br>ORDER STAYING ACTION *SUA SPONTE*<br><br>ORDER VACATING SCHEDULING CONFERENCE<br><br>(Doc. 20)<br><br>**90-DAY DEADLINE** |

**Background**

On July 8, 2025, Plaintiff Angel Rivera initiated this action with the filing of a complaint in state court. (Doc. 1-1). On August 14, 2025, Defendant Osmose Utilities Services, Inc., removed the action. (Doc. 1). At the request of the parties, the Court on several occasions has continued the initial scheduling conference to, among other things, facilitate the parties' attendance at mediation. (Docs. 9, 17, 19).

In their joint status report filed on January 26, 2026, the parties represent that the earliest they can mediate the action, based on their selected mediator's availability, is October 2026. They request the initial scheduling conference be continued to a date in December 2026 and represent that they intend to file a joint stipulation to stay the case pending the outcome of mediation. *See* (Doc. 20).

**Legal Standard**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Courts have the power to consider stays *sua sponte*." *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017); accord *Ward v. Batra*, No. 1:21-CV-00929-SKO (PC), 2025 WL 3120243, at *1 (E.D. Cal. Nov. 5, 2025); *Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2018 WL 11282678, at *1 (S.D. Cal. Feb. 16, 2018).

Three factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

**Discussion**

Here, the parties request that the initial scheduling conference be continued to sometime in December 2026 due to the parties' pending mediation and represent that they intend to enter a stipulation to stay the action pending the outcome of said mediation. *See* (Doc. 20). Thus, the Court finds that factors (1) and (2) above weigh in favor of staying proceedings.

As to factor (3), the Court looks to how a stay may simplify or complicate the issues. The Court must consider "the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. The Court finds that staying the case will likely help simplify the issues, as the parties may be able to resolve such issues during the anticipated mediation.

Having considered the competing interests, the Court concludes a stay is appropriate.

///

///

///

///

2

**Conclusion and Order**

Based on the foregoing, the *CMAX* factors set forth by the Ninth Circuit weigh in favor of granting a stay of this action.

Accordingly, it is HEREBY ORDERED that:

1. This action is STAYED pending the parties' completion of mediation.

2. The parties SHALL file a joint report addressing the status of the mediation 90 days from the date of entry of this order and every 90 days thereafter.

3. The parties SHALL file a concluding joint report within 14 days of completion of the aforementioned mediation being concluded.  In their concluding joint report, each party SHALL address its position concerning further scheduling of the case.

4. The scheduling conference (Doc. 19) set for February 2, 2026, is VACATED, to be reset as necessary.

IT IS SO ORDERED.

Dated:   **January 27, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3